## No. 6107.

### PIERRE ROUSSEAU vs. ESTATE OF BLAISE BOURGEOIS.

The only question in this case is, whether or not the plea of *lis pendens* should be maintained in an executory proceeding.

Here the writ in the first suit having issued for too much, was returned into court, the costs were all paid, and, instead of ordering an *alias* writ on a prayer for more than the amount really due, the plaintiff filed another petition and prayer for the correct sum and obtained a new order. The second petition was, under the circumstances, a virtual abandonment of the first, or merely supplemental thereto, changing the amount claimed on the same note. It is certain that the plaintiff could not have proceeded on both orders at the same time to sell the same property under the one single mortgage, and the defendant has no ground of complaint as to the second order.

The executory proceeding is not a suit in the ordinary signification of the term, but is merely the aid of the judicial power to give force and effect to what is equivalent to a judgment confessed; and when there are actually no proceedings pending on the petition filed there can be seen no reason why another demand for a writ may not be filed, provided the defendant is not injured thereby, and in this case no injury or any annoyance could result to the defendant by the filing of the second petition for the executory process.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie,* J.   *J. S. Goode,* for plaintiff and appellee.   *Clay Knobloch,* for defendant and appellant.

HOWELL, J.   The only question urged before us in this case is whether or not the plea of *lis pendens* should be maintained in an executory proceeding.

The appellant relies on the case of Taylor vs. Hill, 21 An. 639, to sustain the plea. That case differs materially from this. The defendant in the executory proceedings took a devolutive appeal from the order of seizure and sale, and, pending the appeal, the plaintiff and appellee instituted suit *via ordinaria* against the defendant and appellant for an alleged balance on the claim, to which the plea of *lis pendens* was opposed and properly sustained, as the whole question was pending in the case on appeal. Here the writ in the first suit, having issued for too much, was returned into court, the costs were all paid, and, instead of ordering an *alias* writ on a prayer for more than the amount really due,

the plaintiff filed another petition and prayer for the correct sum and obtained a new order. All this occurred in vacation, and the second petition was, under the circumstances, a virtual abandonment of the first or merely supplemental thereto, changing the amount claimed as due on the same note. It is clear that the plaintiff could not have proceeded on both orders at the same time to sell the same property under the one single mortgage, and the appellant has no ground of complaint as to the second order.

Reference is also made to several cases recognizing the right of plaintiff in executory process to issue *alias* writs upon the petition filed, but this is not exclusive. The executory proceeding is not a suit in the ordinary signification of the term, but is merely the aid of the judicial power to give force and effect to what is equivalent to a judgment confessed; and when there are actually no proceedings pending on the petition filed, we can see no reason why another demand for a writ may not be filed, provided the defendant is not injured thereby; and in this case no injury or annoyance could result to the defendant by the filing of the second petition for the executory process.

Judgment affirmed.